**TRENK, DiPASQUALE,**
**DELLA FERA & SODONO, P.C.**
347 Mt. Pleasant Avenue, Suite 300
West Orange, New Jersey 07052
(973) 243-8600
Joseph J. DiPasquale, Esq.
Special Counsel for Plaintiffs Dots, LLC, *et al.*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>DOTS, LLC, *et al.*,<br><br>               Debtors. | Case No.: 14-11016 (DHS)<br><br>Chapter 11<br><br>**JOINTLY ADMINISTERED** |
| DOTS, LLC, *et al.*,<br><br>               Plaintiffs,<br><br>v.<br><br>TRUE LOVE ACCESSORIES D/B/A<br>STATEMENT ACCESSORIES,<br><br>               Defendant. | Adversary Pro. No. 14- |

## COMPLAINT TO AVOID AND RECOVER PRE-PETITION TRANSFERS AND FOR OTHER RELATED RELIEF

Chapter 11 debtors Dots, LLC, *et al.*[1] (collectively, the "Debtors"), by way of complaint

against defendant TRUE LOVE ACCESSORIES d/b/a STATEMENT ACCESSORIES (the

"Defendant"), by and through their special counsel, hereby seek to (i) avoid transfers by the

Debtors to Defendant as preferential pursuant to 11 U.S.C. § 547; (ii) recover the value of the

---

[1] The Debtors in these Chapter 11 cases are Dots, LLC, IPC/Dots, LLC and Dots Gift LLC.  The last four digits of Dots, LLC's and IPC/Dots LLC's tax identification numbers are (3957) and (8282), respectively.

avoided transfers pursuant to 11 U.S.C. § 550; (iii) obtain a Bankruptcy Court Order determining

that any claims Defendant may hold against the bankruptcy estates are waived, discharged and

barred pursuant to 11 U.S.C. § 502; and (iv) recover attorneys' fees and costs of suit pursuant to

Fed. R. Bankr. P. 7008(b).

### Jurisdiction and Venue

1.      This Court has jurisdiction over this proceeding in accordance with 28 U.S.C.

§§ 157 and 1334(b).  Venue is properly laid in this district pursuant to 28 U.S.C. § 1409(a).

2.      This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B),

(F) and (O).  The applicable statutory basis for the claims asserted herein includes, but is not

limited to, 11 U.S.C. §§ 547, 550 and 502.

### General Allegations and Background

3.      On January 20, 2014 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under 11 U.S.C. § 101, *et seq.* of the United States Bankruptcy Code (the

"Bankruptcy Code").

4.      On September 18, 2014, the Court entered an Order Establishing Procedures

Governing Adversary Proceedings Commenced Pursuant to Sections 547 and 550 of the

Bankruptcy Code.

5.      The Debtors are operating their businesses and managing their properties as

debtors-in-possession pursuant to sections 1107(a) and 1108 of the United States Bankruptcy

Code.

6.      Defendant is, upon information and belief, a corporation that maintains a business

address at 10 W. 33rd Street, #715, New York, NY 10001, and may be served at that address.

7.      The Debtors paid Defendant not less than $276,874.39 (the "Transfers") within ninety (90) days of the Petition Date.

8.      The Debtors are seeking the return of all payments that cleared within ninety (90) days of the Petition Date.

9.      The Transfers were made as set forth on Exhibit "A" attached hereto.

10.      The Debtors reserve the right to amend the Complaint if additional transfers are discovered.

**COUNT I**
**(11 U.S.C. § 547(b))**

11.      The Debtors repeat and reallege each and every allegation contained above as if set forth at length herein.

12.      The Transfers were to or for the benefit of Defendant.

13.      The Transfers were for or on account of an antecedent debt owed by Debtors to Defendant before such transfers were made.

14.      Debtors were insolvent at the time the Transfers were made to Defendant.

15.      The Transfers were made within ninety (90) days of the Petition Date.  Despite the date set forth on each check indicated above, all Transfers cleared within ninety (90) days of the Petition Date.

16.      The Transfers enabled Defendant to obtain more than it would receive from Debtors' estates if the cases were cases under Chapter 7 of the Bankruptcy Code, the Transfers had not been made, and Defendant received payment of its debt in accordance with the Bankruptcy Code.

17.      Pursuant to Bankruptcy Code §§ 547 and 550, the Debtors may avoid and recover the Transfers.

3

**WHEREFORE,** the Debtors demand judgment in their favor and against Defendant, as follows:

    (a)   avoiding the Transfers;

    (b)   for damages in an amount equal to the value of the Transfers, together with interest and costs of suit;

    (c)   ordering Defendant to turn over to the Debtors within ten (10) days of judgment an amount equal to the value of the Transfers; and

    (d)   granting such other relief that this Court deems just and equitable.

## COUNT II
### (11 U.S.C. § 550)

18.    The Debtors repeat and reallege each and every allegation contained above as if set forth at length herein.

19.    The Transfers were payments by the Debtors to Defendant for services rendered and/or goods delivered pre-petition.

20.    Upon information and belief, Defendant was the initial transferee of the Transfers, the entity for whose benefit the Transfers were made, and/or the beneficial transferee thereof.

21.    Pursuant to Bankruptcy Code § 550, the Debtors are entitled to recover the Transfers, together with pre- and post-judgment interest thereon at the maximum legal rate from the date that the Transfers were made to Defendant.

**WHEREFORE,** the Debtors demand judgment in their favor and against Defendant, as follows:

    (a)   avoiding the Transfers;

    (b)   for damages in an amount equal to the value of the Transfers, together with interest and costs of suit;

4

(c)    ordering Defendant to turn over to the Debtors within ten (10) days of judgment an amount equal to the value of the Transfers; and

(d)    granting such other relief that this Court deems just and equitable.

## COUNT III
### (11 U.S.C. §502(d))

22.    The Debtors repeat and reallege each and every allegation contained above as if set forth at length herein.

23.    The Debtors demanded repayment of the Transfers prior to the filing of the within Complaint.

24.    Defendant has failed and refused to turn over to the Debtors the value of the Transfers or to otherwise repay the Transfers.

25.    The Transfers are recoverable as a preference.

26.    Pursuant to Bankruptcy Code § 502(d), the Debtors are entitled to an Order waiving, discharging and barring any claims that Defendant may hold against the within estates.

**WHEREFORE,** the Debtors demand judgment in their favor and against Defendant, as follows:

(a)    for an Order waiving, discharging and barring any claims which the Defendant may hold against the Debtors' estates; and

(b)    granting such other relief that this Court deems just and equitable.

## COUNT IV
### (Fed. R. Bankr. P. 7008(b))

27.    The Debtors repeat and reallege each and every allegation contained above as if set forth at length herein.

28.    The Debtors incurred significant legal expenses in order to pursue the within claims against the Defendant.

29.    The Debtors are entitled to reasonable attorneys' fees pursuant to Federal Rule of Bankruptcy Procedure 7008(b).

**WHEREFORE,** the Debtors demand judgment in their favor and against Defendant, as follows:

(a)    for an Order compelling Defendant to pay the Debtors' reasonable attorneys' fees pursuant to Federal Rule of Bankruptcy Procedure 7008(b); and

(b)    granting such other relief that this Court deems just and equitable.

**TRENK, DiPASQUALE,**
**DELLA FERA & SODONO, P.C.**
Special Counsel to Plaintiffs, Dots, LLC, *et al.*


By:    /s/ Joseph J. DiPasquale, Esq.
         Joseph J. DiPasquale, Esq.

Dated:  October 1, 2014


Please direct all inquiries regarding this Complaint
to Joseph J. DiPasquale, Esq.
(973) 243-8600 (phone)
(973) 243-8677 (facsimile)
jdipasquale@trenklawfirm.com

4840-2942-9790, v. 1

6

# EXHIBIT "A"

**90 Day Preferrence Payment**

| Pay Vendor Number | Vendor Address | Check # | Check Date | Check Clear Date | Total |
|---|---|---|---|---|---|
| 11878 | TRUE LOVE ACCESSORIES | | | | |
| | DBA STATEMENT | | | | |
| | ACCESSORIES | | | | |
| | 10 W. 33RD ST. #715 | | | | |
| | NEW YORK, NY 10001 | 224069 | 10/10/2013 | 10/25/2013 | 8,278.62 |
| | | 224188 | 10/31/2013 | 11/20/2013 | 22,561.71 |
| | | 224264 | 11/8/2013 | 11/20/2013 | 84,924.11 |
| | | 224591 | 12/19/2013 | 1/6/2014 | 141,568.26 |
| | | 224609 | 1/3/2014 | 1/14/2014 | 19,541.69 |
| **11878 Total** | | | | | **276,874.39** |